UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-25** |
| **VIET NGUYEN** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion for Reconsideration of Sentence (Doc. 358). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant Viet Nguyen pleaded guilty to four counts of Interstate Travel in Aid of Racketeering and one count of Use of a Communication Facility to Facilitate the Commission of a Crime. On May 1, 2024, he was sentenced to 1 year and 1 day incarceration followed by three years of supervised release—a downward variance from his guideline range of 57 to 71 months' incarceration. On July 10, 2024, Defendant filed the instant motion to reconsider his sentence, arguing that his counsel had failed to file any objections to the pre-sentence report, failed to file a sentencing memorandum or motion for

1

downward variance, and failed to provide the Court with letters in support from Defendant's family and friends. The Government opposes.

## LAW AND ANALYSIS

Defendant asks this Court to reduce his sentence either under its common law jurisdiction to hear a motion for reconsideration or pursuant to Federal Rule of Criminal Procedure 35(a). However, "[n]either of these proposed methods for review would permit the Court to reconsider and reduce defendant's sentence."[1]

First, although the Fifth Circuit has recognized the use of motions for reconsideration in criminal cases, it has expressly held that such motions "do not apply in the sentencing context in light of Congress's limit to the circumstances in which a district court can modify a sentence of imprisonment."[2] This Court's authority to modify a sentence once it has been imposed is limited to the specific circumstances enumerated in 18 U.S.C. § 3582(b).[3] The Court therefore cannot modify Defendant's sentence under any common law authority.[4]

Next, the Court lacks jurisdiction to modify Defendant's sentence under Federal Rule of Criminal Procedure 35.  Rule 35(a) provides that a court may only "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Defendant's Motion was filed more

---

[1] United States v. Agyemang, No. CR 24-15, 2024 WL 3376080, at *1 (E.D. La. July 11, 2024).
[2] United States v. Hoffman, 70 F.4th 805, 811 (5th Cir. 2023).
[3] United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).
[4] United States v. Chapman, No. CR 23-175, 2024 WL 3595526, at *2 (E.D. La. July 31, 2024); *Agyemang*, 2024 WL 3376080, at *1.

than two months after his sentencing. The Fifth Circuit has held that the time limit provided by Rule 35 is jurisdictional.[5] Accordingly, this Court is without jurisdiction to modify Defendant's sentence under Rule 35(a). Having provided no other basis for this Court to provide relief, Defendant's Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 13th day of August, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] United States v. Lopez, 26 F.3d 512, 518–19 (5th Cir. 1994).